**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| POLYNS BIEREGU, A93 094 251 : | Civil Action No. WDQ-06-2359 |
| Petitioner : | |
| v. : | |
| THOMAS MCCABE, ACTING FIELD : | |
| DIRECTOR, U.S. BUREAU OF | |
| IMMIGRATION AND CUSTOMS : | |
| ENFORCEMENT(BALTIMORE OFFICE) | |
| : | |
| Respondent | |

oo0Ooo

**MEMORANDUM**

This is a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Polyns Bieregu, an alien who is subject to an administratively final order of removal and in the custody of United States Immigration and Customs Enforcement (ICE). The petition seeks review of his detention pending removal.[1] Counsel for respondent [2] has filed a response seeking dismissal to which petitioner has filed a reply. For the reasons that follow, the court determines that no hearing is necessary, and the petition will be dismissed without prejudice.

**I. Factual Background**

Petitioner is a native and citizen of Nigeria. He was admitted to the United States as a

---

[1]The petition does not challenge the administratively final removal order.

[2]In a petition for habeas corpus relief under 28 U.S.C. § 2241, the proper respondent is the "person having custody of the person detained." *See* 28 U.S.C. § 2243. Petitioner is detained at the Howard County Detention Center. Accordingly, respondent's motion to substitute Melanie C. Pereira, Director of the Howard County Detention Center, in lieu of Thomas McCabe will be granted by separate Order.

nonimmigrant visitor for pleasure in 1989. On November 25, 1992, he was convicted and sentenced in the United States District Court for the District of New Jersey to 194 months incarceration for possession of heroin with intent to distribute in violation of 21 U.S.C. §846. Resp. Ex. A & Ex. B at 1-2, 4.

While in ICE custody at the Oakdale, Louisiana Detention Center, petitioner was served a Notice to Appear, charging him as removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. §1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony/drug trafficking offense as defined in § 101(a)(43)(B) of the INA, 8 U.S.C. § 1101(a)(43)(B) and under § 237(a)(2)(B)(i) of the INA, 8 U.S.C. § (a)(2)(B). Resp. Ex. A. On June 3, 2005, petitioner appeared before the Immigration Judge and admitted that he is not a citizen of the United States, but a citizen of Nigeria. Resp. Ex. B at 1-2.

On July 14, 2005, the Immigration Judge found petitioner statutorily ineligible for all available forms of relief. *See id.* at 7-8. The Immigration Judge found petitioner to be removable from the United States as charged and ordered his removal to Nigeria. *See id.* at 5-8. Petitioner appealed to the Board of Immigration Appeals which affirmed the Order of the Immigration Judge and dismissed the appeal on December 1, 2005. Resp. Ex. C. Petitioner did not file a petition for review in the Court of Appeals.

On May 3, 2006, petitioner was released from ICE custody under an Order of Supervision. Petitioner's release was made according to conditions listed in the Order of Supervision and acknowledged by petitioner. Resp. Ex. D. These conditions included: 1) that petitioner not commit any crime or be associated with any criminal activity; and 2) that petitioner obtain a travel document. *See id.*

While on supervised release, petitioner failed to comply with the conditions of the Order of Supervision because he failed to provide ICE with a travel document.  Resp. Ex. E at 7.  Additionally, he was arrested and charged in the District Court of Maryland for Baltimore City with second degree child abuse, second degree assault and possession of a deadly weapon with intent to injure.  These charge were "stetted"[3] and the court ordered Petitioner to attend positive parenting/anger management classes. Petition, Attachment Defendant Trial Summary.

On August 17, 2006, petitioner was taken back into ICE custody for violating the conditions of his Order of Supervision.  On November 15, 2006, ICE completed Post Order Custody Review and determined that petitioner was to remain in ICE custody pending removal based on his arrest, failure to obtain a travel document as required, and his imminent removal.  Petitioner is scheduled to be removed from the United States on December 12, 2006.  Resp. Ex. E at 7.

**II.  Analysis**

Post-removal-order detention is limited to a period reasonably necessary to effect the alien's removal from the United States and does not permit indefinite detention.  *See* § 241(a) of the INA, 8 U.S.C. § 1231(a); *Zadvydas v. Davis*,  533 U.S. 678, 701 (2001).  After an order of deportation becomes final, an alien may be held for a six-month period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six

---

[3]   By motion of the State's Attorney, a court may indefinitely postpone trial of a charge by entering a "stet" on the docket.  A stetted charge may be rescheduled for trial at any time at the request of either party within one year and thereafter only upon court order.  *See* Maryland Rule 4-248

months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Id. at 701.

In this case, petitioner became subject to an administratively final order of removal when the BIA dismissed his appeal on December 1, 2005, while he was in ICE custody. Resp. Ex. C; 8 C.F.R. §12241.1(a). As noted earlier, petitioner was released under the Order of Supervision on May 3, 2006, and returned to ICE custody on August 17, 2006. Resp. Ex. D. & Ex. E at 7. Consequently, petitioner has been in post-removal-order detention for a combined period of just over eight months. If, however, the six-month period in *Zadvydas* runs from the date the Order of Supervision was revoked and he was returned to ICE custody, petitioner has been in custody for almost four months.

The court is unaware of any case precedent specifically addressing whether the six-month *Zadvydas* detention period is deemed to commence from the start of the alien's most recent detention or includes the aggregate time of post-removal-order detentions. Given the facts presented here, however, either analysis renders the same conclusion: there is no cause under *Zadvydas* to effect petitioner's release from ICE custody.

To the extent petitioner's six-month presumptively reasonable post-order-detention began when he was returned to custody on August 17, 2006, the six-month presumptively reasonable detention period has yet to elapse. *See Ali v. Barlow*, 446 F. Supp. 2d 604, 609 (E.D.Va. 2006) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1552 (11th Cir. 2002). If calculation of the detention period is cumulative, petitioner

4

must establish "there is no significant likelihood of removal in the reasonably foreseeable future." Petitioner neither alleges nor presents any evidence to satisfy this standard. Indeed, petitioner cannot sustain this burden because his removal is scheduled for December 12, 2006. Resp. Ex. E at 7.

## III. Conclusion

For the reasons stated herein, the Court will deny the Petition. A separate Order follows.

December 8, 2006                                   /s/
Date                                               William D. Quarles, Jr.
                                                   United States District Judge

5